IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS and MONTANA ENVIRONMENTAL INFORMATION CENTER,<br><br>Plaintiffs,<br><br>vs.<br><br>DEB HAALAND, in her official capacity of Secretary of the Interior, *et al.*,<br><br>Defendants,<br>and<br><br>SPRING CREEK COAL, LLC, and NAVAJO TRANSITIONAL ENERGY COMPANY, LLC,<br><br>Intervenors. | CV 17-80-BLG-SPW<br><br>ORDER RE DEFENDANT-INTERVENOR'S MOTION TO STAY PENDING APPEAL |

Before the Court is Defendant-Intervenor Navajo Transitional Energy Company's ("NTEC") Motion to Stay the Court's February 3, 2021 Order pending appeal, filed April 5, 2021. (Doc. 104). Plaintiffs responded in opposition to the Motion on May 7, 2021. (Doc. 116). NTEC filed a reply on May 28, 2021 (Doc. 120) and the Court held oral argument on the matter on July 23, 2021. The matter

is deemed ripe and ready for adjudication. For the following reasons, the Court denies the Motion.

In order to grant a motion to stay, a court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, a court must employ its discretion in analyzing the propriety of a stay given the facts and circumstances of the particular case. *Id.* The first two factors are the most significant with the irreparable injury factor serving as a threshold issue a petitioner must overcome for a court to further consider their motion. *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020). To demonstrate irreparable injury, the petitioner must show that the claimed harm is probable in the absence of a stay, not merely possible. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

On February 3, 2021, the Court adopted Magistrate Judge Cavan's Findings and Recommendations in full and determined that vacatur of the Spring Creek Mine Federal Mining Plan would be deferred for 240 days while the Federal

Defendants undertook a corrective NEPA analysis. (Doc. 102 at 35). The Court stated that the Federal Defendants could seek an extension of this time-period should the Federal Defendants find that an updated Environmental Impact Statement is necessary. (*Id.*).

Here, NTEC asserts that "NTEC, its employees, their families, and the greater community of Montana will be irreparably harmed if Spring Creek's mining operations are curtailed" and that the "threat of vacatur is nearly as destructive to NTEC and its dependents as vacatur itself . . . ." (Doc. 105 at 6). NTEC specifically describes harms to the Navajo Nation due to a lack of fund payments from the mine operation, complications to the mine operation itself as NTEC prepares for a possible vacatur of the mining plan, upheaval to the mine's personnel as NTEC has to prepare for possible large-scale layoffs, harm to NTEC's business reputation and good-will, and prejudicial harm to NTEC resulting from the possibility that the Ninth Circuit could overturn or narrow the scope the corrective NEPA analysis and all the funds that NTEC has spent in support of that analysis will have been wasted. (*Id.* at 8-14).

The Court finds that most of NTEC's asserted harms fail to meet the standard of probable injury. While NTEC claims the mining operation will suffer because NTEC will need to cover exposed coal, stop mining for new coal, and layoff most of the work force when the mining plan is vacated, that vacatur is not a certain

3

result. The Court's order required Federal Defendants to perform a corrective NEPA analysis in conformance with the Court's findings. Vacatur of the mining plan was deferred in anticipation of that corrective analysis. However, depending on the results of the corrective analysis, vacatur could be avoided entirely if the Federal Defendants determine that the mining plan, or any changes made to the plan, complies with the Court's findings. Therefore, vacatur is still only a possibility at this time making any harms derived from vacatur also merely possible harms.

Of the harms asserted, only the prejudicial harm resulting from performing a corrective analysis before the matter has been decided on appeal and the costs NTEC expends in support of that analysis rise to the level of probable. However, purely monetary harm "is not normally considered irreparable." *Doe #1*, 957 F.3d at 1060 (quoting *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019)). Further, at the July 23 oral argument hearing, the Federal Defendants informed the Court that they plan to seek an extension of the Court's deferment to perform an Environmental Impact Statement. The Federal Defendants estimated the additional analysis could take up to two years. Given this prolonged timeline, the probability that the corrective analysis will be completed before the Ninth Circuit has a chance to address the matter diminishes significantly. Therefore, the Court finds that, in anticipation of the Federal Defendants' request for a deferral

extension, NTEC has failed to meet their burden under the threshold factor of demonstrating probable harm in the absence of a stay. The Court need not address the remaining *Nken* factors.

I.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant-Intervenor Navajo Transitional Energy Company's Motion to Stay Pending Appeal (Doc. 104) is **DENIED** in anticipation of the Federal Defendants' request for extension. Should the Federal Defendants fail to make their extension request, the Court shall readdress the matter at that time.

The Clerk of Court is directed to notify the parties of this order.

DATED this 5th day of August, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge