IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS and MONTANA ENVIRONMENTAL INFORMATION CENTER,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEB HAALAND, *et al.*<br><br>    Federal Defendants,<br><br>and<br><br>SPRING CREEK COAL, LLC, *et al.*<br><br>    Intervenor Defendants. | Case No. CV 17-80-BLG-SPW<br><br>**ORDER** |

    Before the Court is Federal Defendants' Motion for Extension of the Court's Deadline to Complete a Supplemental National Environmental Policy Act ("NEPA") Analysis (Doc. 141), filed August 5, 2021. Intervenor-Defendant Navajo Transitional Energy Company ("NTEC") filed a response brief in support of the Motion for Extension. (Doc. 143). Plaintiffs WildEarth Guardians and Montana Environmental Information Center filed a brief in partial opposition to the

1

Motion. (Doc. 144). Federal Defendants subsequently submitted a reply brief. (Doc. 150). The matter is deemed ripe for adjudication.

I.      BACKGROUND

On February 3, 2021, the Court adopted Magistrate Judge Cavan's Findings and Recommendations requiring the Office of Surface Mining Reclamation and Enforcement ("OSM") to complete a supplemental NEPA analysis of the Spring Creek Mining Plan. (Doc. 102 at 36). The Court provided 240 days for OSM to complete an updated Environmental Assessment ("EA") but stated that the deadline may be extended should OSM determine an Environmental Impact Statement ("EIS") is necessary. (Doc. 102 at 35). After considering arguments from all parties on the economic and environmental consequences of vacating the Mining Plan, the Court found that equity favored deferring vacatur of the Mining Plan pending OSM's corrective NEPA analysis. (*Id.*).

OSM subsequently determined that an EIS is necessary and moves the Court for an order extending the deadline to complete the analysis by a further 18 months. (Doc. 142 at 7).

II.     DISCUSSION

Federal Defendants seek to extend the Court's corrective NEPA analysis completion from October 1, 2021 to April 1, 2023. (Doc. 142 at 5). Federal Defendants estimate this additional 18 months will be required to complete the

2

more intensive EIS analysis. (*Id.* at 4). Importantly, no party opposes this request for an extension of time to complete an EIS. (*See* Docs. 143, 144). However, Plaintiffs oppose Federal Defendants' request to extend the Court's deferral of vacatur for the additional eighteen months. (Doc. 144 at 8). Instead, Plaintiffs request "that this Court grant partial vacatur to allow reclamation—but not mining—activities to continue because reclamation does not cause 'adverse environmental impacts.'" (*Id.* at 9).

While vacatur of an unlawful agency action is the typical remedy, "[w]hen equity demands . . . the regulation can be left in place while the agency reconsiders or replaces the action, or to give the agency time to follow the necessary procedures." *All. for the Wild Rockies v. USFS*, 907 F.3d 1105, 1121 (9th Cir. 2018). The Court has determined twice before that principles of equity demand the Mining Plan remain in place while OSM completes the corrective analysis. (Doc. 102 at 41).

Plaintiffs argue that the Court should reconsider its remedy determination given the extended timeline OSM requires to complete the EIS analysis. Specifically, Plaintiffs assert that the continued adverse environmental impacts of mining and burning coal at the Spring Creek Mine necessitate a partial vacatur of the Mining Plan. (Doc. 144 at 14-15). Plaintiffs also claim that at current mining rates, NTEC will have practically exhausted the mineable coal in the federal coal

3

reserves at issue within the next 18 months making a corrective NEPA analysis moot. (*Id.* at 16).

Federal Defendants respond that because Plaintiffs did not previously challenge the Court's remedy determination, it is disingenuous to argue the merits of the remedy now. Further, the equity factors considered by the Court have not changed, according to Federal Defendants, and the adverse economic harm resulting from vacatur still demand a deferment of that vacatur while the corrective NEPA analysis is undertaken. (Doc. 150 at 3-4). The declaration of OSM Natural Resource Specialist Logan Sholar, submitted by Federal Defendants, calls into question Plaintiffs' argument that the coal remaining in the federal reserve tract would be exhausted within 18 months. Instead, according to Sholar, the coal reserves will take approximately three to four-and-a-quarter years to exhaust, depending on coal production rates. (Doc. 150-1 at 4-5). Federal Defendants also point out that a partial vacatur would be impractical as the mining operation requires earthen materials to backfill and reclaim previously exposed mining tracts. Without mining activities occurring simultaneously to produce new earthen material, the mine operator would be unable to continue its reclamation activity. (*Id.* at 5-6).

The Court agrees with Federal Defendants that the equitable factors previously considered continue to warrant deferral of vacatur pending the results of

OSM's EIS analysis. While the Court is cognizant of the environmental harm of mining and burning coal, the economic harm to the local communities and the State of Montana stemming from even partial vacatur of the Spring Creek Mine continue to outweigh that environmental harm to justify keeping the Mining Plan in place for the next 18 months while OSM completes its work. *See WildEarth Guardians v. U.S. Office of Surface Mining, Reclamation and Enforcement*, 2015 WL 6442724 at *9 (D. Mont. Oct. 23, 2015). Therefore, vacatur of the Mining Plan shall be deferred for an additional 18 months from October 1, 2021 to April 1, 2023 pending OSM's EIS analysis.

   III.   CONCLUSION

IT IS HEREBY ORDERED that Federal Defendants' Motion for Extension of Deadline (Doc. 141) is GRANTED.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 9th day of September, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge